IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| DAVID WHITMORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-12-1408-M |
| v. | ) | |
| | ) | |
| JANET DOWLING, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging the finding of guilt and punishment imposed in an institutional disciplinary proceeding. Respondent has responded to the Petition and filed the relevant administrative and state court records. Petitioner has replied to the Response. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

Petitioner is serving a 35-year sentence, entered in February 1989, for his conviction of Manslaughter in the First Degree. He is currently confined at the Joseph Harp

Correctional Center ("JCCC") located in Lexington, Oklahoma. The disciplinary proceeding that is the subject of the Petition was conducted at Lawton Correctional Facility ("LCF") where Petitioner was previously confined.

On July 28, 2009, an LCF official, Mr. Parham, authored an Offense Report in which Petitioner was charged with the misconduct offense of assault on inmate/battery with injury. Response (Doc. # 14), Ex. 4. In the description of the offense, Mr. Parham stated that "after further interview with the offender it was determined that offender Whitmore was involved in a physical altercation with another offender causing injury to the other offender . . . ." Id.

In a handwritten statement dated July 28, 2009, on a form entitled "T.A.S.K. Conflict Resolution Form 100," Petitioner stated, in his own words:

> [m]y younger Homie and another guy from a rival gang got into at breakest, one from the rival gang dissed . . . my young Homie from PLAYBOY GANGSTA CRIP, by saying pass the peanut butter, they started arguing, his homies started talking loud, so I interject into the convo. and tried to take controll of the situation, and did a pretty good, well one of the guy didn't like what I was saying and they started cussing me out, one got in my face, the other pushed his tray into me, and told me to stay out of it. Well I didn't, because I knew the history of the two gangs and I didn't want it to be a gang against gang fight. The Hoovers had been running wild and this little thing could have set it off. While trying to talk to the guy from Hoover, they started fighting, and I'm trying to break them up and got hit. But when it was all said and done I was able to keep it from getting out of hand, and spreading to another housing unit.

Id., Ex. 3.[1]

LCF Investigating Officer Kirkpatrick completed an Investigator's Report dated August 7, 2009. This report indicates that Petitioner requested to call two witnesses, inmate "King" who would testify that Petitioner "was not fighting" and the alleged victim who would testify that "I did not assault him." Id., Ex. 5. Petitioner also requested a "video" as documentary evidence. Id. Kirkpatrick determined that "King" was disqualified as a witness because there were three offenders with that last name in the housing unit in which Petitioner stated "King" was confined and Petitioner "could not be more specific as to which offender King it was." Id., Ex. 6. Kirkpatrick elected to take a statement from the alleged victim. However, the alleged victim refused to make a statement. Id., Ex. 7.

Petitioner received a copy of the offense report on September 16, 2009, and he requested a hearing. Id., Ex. 4. In a disciplinary hearing conducted on September 18, 2009, Petitioner presented a written statement by another inmate who denied Petitioner was involved in the "fight" but admitted Petitioner was "hit in his eyes by somebody else" while "trying to break up the fight that day." Id., Ex. 9. Also presented at the hearing were medical records indicating that three inmates, including Petitioner, sustained injuries in the incident and Petitioner's handwritten statement. Id., Ex. 3, 8.

Petitioner was found guilty of the misconduct offense. Id., Ex. 10. To support the

---

[1]Petitioner has filed "Motion for Judicial Notice" (Doc. # 18) requesting that the Court take judicial notice of a program apparently employed in some Oklahoma prisons in an effort to discourage gang violence among inmates. This program is not relevant to the issues before the Court, and therefore the "Motion for Judicial Notice" (Doc. # 18) is DENIED.

finding of guilt, the disciplinary hearing officer explained in the written report of the hearing that "Sgt. Parham states that on 28 July 2009 at 0700 hours a 10-10 offender on offender fight was called in House 2 E pod. After further interview with [Petitioner] it was determined that [Petitioner] was involved in a physical altercation with [the alleged victim]," "[b]ody sheets show injuries to both offenders, as well as injuries to [a third offender]," and "staff has nothing to gain by fabricating the event." Id. Punishment imposed for the misconduct included disciplinary segregation for 30 days, loss of 365 days of earned credits, and reduction to classification level 1 for 90 days. Id. The facility head affirmed the misconduct finding and punishment.

Petitioner appealed the misconduct to LCF Warden Miller. Id., Ex. 11. In this appeal, Petitioner asserted there was insufficient evidence to support the misconduct finding and that he was not provided a written statement supporting the finding of guilt. Petitioner stated that he "never said that he was involved in any fight, ONLY that he was trying to prevent a potential gang fight between 2 other inmates" and "the injury report [described] injuries that he received getting in between some offenders that were fighting." Id., Ex. 11, at 2. Petitioner also stated that the disciplinary hearing officer "did not do any fact finding, all he done [sic] was record keeping." Id. Warden Miller affirmed the misconduct finding and punishment. Id., Ex. 11, at 3.

Petitioner appealed this decision to the Oklahoma Department of Corrections' ("ODOC") Administrative Review Authority ("ARA"). Id., Ex. 12. Petitioner again asserted that he was not fighting but was merely "breaking up a fight between two offenders" and that

4

"[b]oth of these inmates plead guilty to their offense reports." Id., Ex. 12, at 1. In a decision dated December 7, 2009, the ARA denied the appeal based upon findings that there was sufficient evidence to support the battery misconduct and that Petitioner was provided a written statement of the evidence supporting the determination of guilt. Id. Ex. 12, at 3.

Pursuant to Okla. Stat. tit. 57, § 564.1, Petitioner filed a petition for judicial review of the disciplinary decision in the District Court of Oklahoma County, and the petition was denied. Id., Ex. 14. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the district court's order denying relief. Id., Ex. 16.

Petitioner now seeks federal habeas relief concerning the misconduct.[2] Petitioner contends that he was denied due process because there was not "some evidence" to support the finding of guilt in the disciplinary proceeding because there was no eyewitness to the incident, there was no evidence of his anger or hostile intent to commit a battery, and he did not admit to being actively involved in the altercation. In a second ground for relief, Petitioner contends that he was denied the opportunity to call witness King.[3] In ground three,

---

[2]The Court's records reflect that Petitioner has filed fourteen 28 U.S.C. § 2241 and 42 U.S.C. § 1983 actions in this Court in the past three years, most of which challenge institutional disciplinary proceedings.

[3]Although neither party has provided a copy of the petition for judicial review Petitioner filed in the state court, it appears that Petitioner did not raise this issue concerning denial of the opportunity to present a witness in either his administrative grievance and appeal or in his state court petition for judicial review. Respondent has nevertheless asserted that Petitioner exhausted his administrative and state court remedies. Response, at 4. Therefore, Respondent has expressly waived the exhaustion defense. 28 U.S.C. § 2254(b)(3); Williams v. Jones, 571 F.3d 1086, 1089 (10th Cir. 2009)(recognizing state may waive exhaustion defense with express waiver made through counsel).

which essentially raises the same ground for relief as urged in ground one, Petitioner contends that the written statement by the disciplinary hearing officer was inadequate because "it amounted to 'record keeping' not fact finding," failed to explain why the officer discredited Petitioner's evidence, and failed to explain "what part of the interview" the officer relied on to find him guilty of the misconduct. Petition, at 5.

"'It is well settled that an inmate's liberty interest in his earned credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 811 (10th Cir. 2007)(quoting Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996)). See Ponte v. Real, 471 U.S. 491, 495 (1985)). Because prison disciplinary proceedings "are not part of a criminal prosecution," inmates are not entitled to the full extent of the due process rights due to defendants in criminal prosecutions. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). When a prison disciplinary proceeding may result in the loss of earned, or good conduct, credits, due process requires that the inmate receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to present witnesses and documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1984). A finding of guilt that results in the revocation of earned credits must also be supported by "some evidence" in the record. Id.

A review of institutional disciplinary proceedings based on this standard does not require "examination of the entire record, independent assessment of the credibility of

witnesses, or weighing of the evidence." Id. at 455.  Rather, the issue is simply "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-456.  Thus, this Court's review of Petitioner's institutional disciplinary proceeding is "limited to whether the three steps mandated by Wolff were followed and whether there was some evidence to support the disciplinary [hearing officer's] findings." Mitchell, 80 F.3d at 1445.

Petitioner contends there was not sufficient evidence to support the finding of guilt in the disciplinary hearing.  To comport with due process, the record in a disciplinary proceeding must reveal only a "modicum of evidence to support a decision to revoke good time credits." Hill, 472 U.S. at 455.  In this case, there was "some evidence" in the record to satisfy this standard.  Specifically, Petitioner submitted a written statement to the hearing officer in which he admitted he actively participated in the altercation.  Petitioner stated that one of the inmates involved in the incident told him to "stay out of it," but he admits that "he didn't." Response, Ex. 3.  There was also evidence of injuries received by Petitioner and two other inmates involved in the altercation.  The battery misconduct of which Petitioner was found guilty requires an intent to harm another individual.  See http://www.doc.state.ok.us/offtech/060125aa.pdf (OP-060125, Attachment A, subsection 04-4, defining a battery misconduct as "[p]articipating in an activity that directly results in the intentional injury of another person(s)").  Petitioner stated that he was "trying to break [the fighting inmates] up and got hit."  However, the medical record of Petitioner's treatment following the incident reflects that he sustained abrasions on his face, scratches on his

shoulder and leg, and a cut to his lower lip. Response, Ex. 8. These wounds are not consistent with Petitioner's allegation that he did not have the requisite intent and that he did not actively participate in the altercation. Petitioner's statement regarding the incident also indicated that one of the involved inmates was his "homie" or friend, and that the other inmate, Durant, was a member of a "rival gang" that he believed had been "running wild" in the prison but that he was "able to keep it from getting out of hand" by participating in the altercation. This Court will not reweigh the evidence, and the evidence is sufficient to provide the "modicum of evidence" necessary to support the finding of guilt.

The record shows that Petitioner was given the opportunity to present witnesses in his defense, and he did so by presenting the statement of an inmate who asserted Petitioner did not engage in a "fight" with the other inmates. Petitioner has not alleged that inmate "King" would have provided non-cumulative information concerning the incident. The investigating officer stated that Petitioner did not provide the officer with sufficient information from which to identify which of three inmates named "King" in the housing unit was the inmate Petitioner requested as a witness. Petitioner does not dispute this statement. Petitioner's inability to accurately identify which inmate named "King" had some knowledge of the incident did not create any obligation on the part of prison officials to attempt to locate the requested witness or to call all three of the inmates named "King" as witnesses.

Finally, Petitioner does not allege that he did not receive a statement of the reasons for the finding of guilt in the disciplinary proceeding. Rather, he alleges that the statement of reasons entered by the disciplinary hearing officer was not adequate. This is merely a

restatement of his argument that there was insufficient evidence to support the finding of guilt in the disciplinary proceeding. However, even assuming that Petitioner has stated a separate claim, the claim is without merit. The disciplinary hearing officer's statement set forth in the disciplinary hearing report clearly described the evidence on which the hearing officer relied in determining Petitioner was guilty of the battery misconduct. The hearing officer did not rely entirely on the reporting officer's statement that he had determined from an interview with Petitioner that Petitioner was involved in a physical altercation with inmate Durant. Rather, the hearing officer also explained that he relied on the medical treatment records of the inmates involved in the altercation. As Petitioner was not denied due process in connection with the disciplinary proceeding, he is not entitled to habeas relief.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___May 15th___ , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___25th___ day of ___April___, 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE